CENTRAL HIDE & RENDERING CO.,
Inc., et al., Plaintiffs,

v.

B–M–K CORPORATION, Defendant.
Civ. A. No. 1692.

United States District Court
D. Delaware.
April 20, 1956.

See also 19 F.R.D. 290; 19 F.R.D. 294.

Thomas Cooch (of Connolly, Cooch & Bove), of Wilmington, Del., Robert I. Lipton (of Bryant, Lipton, Strayhorn & Bryant), of Durham, N. C., and C. Earl Hovey, of Kansas City, Mo., for plaintiffs.

Clarence W. Taylor (of Hastings, Lynch & Taylor), of Wilmington, Del., Edward B. Beale, of Washington, D. C., for defendant.

RODNEY, District Judge.

This memorandum deals with the motion of the plaintiffs for the exclusion of persons from being present at the taking of depositions noticed by the plaintiffs. The motion is made pursuant to Rule 30(b), Fed.Rules Civ.Proc. 28 U.S.C. which provides, inter alia, that an order may be made " * * * that the examination shall be held with no one present except the parties to the action and their officers or counsel * * *".

The motion seeks that an order be made excluding "anyone other than counsel for plaintiffs and defendant and the President of the defendant corporation".

At the argument it plainly appeared that it was desired to exclude in particular two persons, C. O. Cummings and Charles Thurmond. I shall not recite the long series of facts relied upon by the plaintiffs as a basis for the claimed exclusion.

C. O. Cummings is shown to be the Vice-President of the defendant company and being such officer is a person entitled to be present within the contemplation of the Rule. The motion for exclusion is denied insofar as the officers of the defendant are concerned.

Without a detailed recital of the facts showing good cause for the exclusion of

Thurmond, such good cause is accepted. No sufficient cause for his presence is suggested and the motion of exclusion, insofar as Thurmond is concerned, is granted.

The present motion for exclusion largely grows out of a hearing at Atlanta, Georgia on February 8, 1956. This hearing became abortive by reason of. the defendant's insistence on the presence of Cummings and Thurmond and the plaintiffs' insistence on their exclusion. Both parties have moved for the taxation of costs and expenses incident to that attempted hearing. Determination of the fixation of these costs and expenses will be reserved until a later stage of the trial.