QUEEN CITY BREWING COMPANY and the Cumberland Brewing Company

v.

L. N. DUNCAN and Helen M. Duncan, his wife.

Civ. No. 17389.

United States District Court
D. Maryland.
Dec. 8, 1966.

J. Nicholas Shriver, Jr., and George T. Tyler, Baltimore, Md., for plaintiffs.

William F. Mosner, Towson, Md., and Granville H. Crabtree, Jr., Sarasota, Fla., for defendants.

THOMSEN, Chief Judge.

This is an action to recover $142,744.75 under an agreement between the two plaintiff corporations and the two defendants, husband and wife, the husband having been a director, general manager and brewmaster of both plaintiffs and an officer of one of them. Defendants seek an order that when the depositions of six specified persons are taken on oral examination by defendants' counsel, all persons be excluded from the room in which each such deposition is taken except the deponent, counsel for the respective parties and the designated stenographer.

Rule 30(b), F.R.Civ.P., provides in pertinent part: "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order * * * that the examination shall be held with no one present except the parties to the action and their officers or counsel * * *."

The persons whose depositions are to be taken by defendants are directors or officers or employees of one or both of the plaintiff corporations. Defendants' purpose in seeking the order is to secure the independent recollection of each deponent without that recollection having been influenced, properly or improperly, by the depositions previously taken.

██ Rule 30(b) does not permit the Court to exclude bona fide officers. The word "or" in the quoted portion of the Rule should be read as "and". See Dunlap v. Reading Company, E.D.Pa., 30 F.D.R. 129, 131, n. 6 (1962). The Rule does permit the Court to exclude employees and directors who are not officers. Directors and managing agents are grouped with officers in Rule 43(b), dealing with the scope of examination and cross-examination, but that does not require or permit that they be considered "officers" as that term is used in Rule 30(b).

██ Whether the Court *should* exclude directors and other employees in a particular case requires a consideration of various factors, discussed by Judge Freedman in Dunlap v. Reading Company, supra. In the light of those factors, this Court concludes that in the instant case only bona fide officers of one or both of the plaintiff corporations, in addition to counsel, the individual defendants and the stenographer, should be allowed in the room when the depositions are being taken.

It is so ordered.