### MILT ROTH ASSOCIATES, Inc. v. POSNER, et al.

No. 71-601.

Circuit Court, Dade County.

October 6, 1971.

Lawrence F. Kaine, Miami, for the plaintiff.

Ira M. Elegant, Miami, for defendants.

GENE WILLIAMS, Circuit Judge.

This cause came on to be heard on the plaintiff's motion for protective order, and the motion for protective order, attorney's fees, costs and other relief of the defendants, Steven Posner, individually; as president of the defendant Plaza Building Corporation; and as co-trustee of the defendant Victor Posner Trust #6 d/b/a Victorian Plaza, and Mickey Zaret, as vice president of the defendant Plaza Building Corporation, as well as individually, together with the *ore tenus* motion for protective order of the plaintiff; the motion to dismiss of Plaza Building Corporation (dated August 10, 1971) and the motion to dismiss of Victor Posner Trust #6 d/b/a Victorian Plaza. After hearing argument of counsel and the court being fully advised in the premises, it is ordered and adjudged as follows —

1. Plaintiff's motion for protective order be and the same is hereby denied.

2. The motion for protective order, attorney's fees, costs and other relief be and the same is hereby granted in part and denied in part. The following language contained in Fla. R. Civ. P. 1.310 (b) has not been construed by the courts of Florida —

"(b) *Orders for the Protection of Parties and Deponents.* After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken or that . . . *the examination shall be held with no one present except the parties to the action and their officers or counsel . . .*" (Italics added.)

Since the language contained therein is identical to that contained in Fed. R. Civ. P. 30(b) (prior to its amendment in 1970), federal cases under said rule are pertinent and highly persuasive. In construing a rule of civil procedure which has been patterned after a Federal Rule of Civil Procedure, decisions of federal courts construing the federal rule are to be well noted. Savage v. Rowell Distributing Corp., 95 So.2d 415 (Fla. 1957); Brown v. Ripley, 119 So.2d 712, 714 (Fla. 1st Dist. 1960); Hightower v. Bigoney, 156 So.2d 501, 505 (Fla. 1963); Dobson v. Crews, 164 So.2d 252, 258 (Fla. 1st Dist. 1964). It has been held that "or" as contained in Fed. R. Civ. P. 30(b) should be read as "and", so that officers of a corporate party could not be excluded from the room during the taking of depositions. 4 *Moore's Federal Practice* (1970 Ed.) §2673; 8 *Federal Practice and Procedure* (Civil) §2041 (Wright & Miller, 1970); Central Hide & Rendering Co., Inc. v. B-M-K Corporation, 19 F.R.D. 296 (D. Del. 1956); Queen City Brewing

Company v. Duncan, 42 F.R.D. 32, 33 (D. Md. 1966). In short, by looking to Fed. R. Civ. P. 30 (b) (prior to its amendment in 1970) and the cases construing said rule, Fla. R. Civ. P. 1.310(b) does not permit the court to exclude bona fide officers of corporate parties during the taking of depositions. Although these authorities are cogent, in light of the defendant Posner's relationship to these proceedings as set forth above, as well as that of Zaret, the court may dispose of the problem without specific resort to the cited authorities.

In the case at bar the defendant Steven Posner was noticed for the taking of his deposition for 9:30 A.M. for September 15, 1971. Mickey Zaret was subpoenaed and noticed for the taking of his deposition for 10 A.M. on the same date. Mr. Zaret, on advice of counsel, refused to excuse himself from the room during the taking of defendant, Steven Posner's deposition, when counsel for the plaintiff "sought to invoke the rule" so as to exclude Zaret from the defendant Posner's examination. In view of the foregoing since Mr. Zaret was vice president of the defendant Plaza Building Corporation he properly remained in the room, although counsel for the plaintiff then declined to proceed with either the defendant Posner's or Zaret's depositions.

3. In light of the above the plaintiff is ordered to pay to Ira M. Elegant, attorney for the said defendants, the sum of $25 as a reasonable attorney's fee, as well as costs incurred of $16.20 (the cost of the transcript of the proceedings of September 15, 1971 paid to B. A. Rolland, court reporter) for a total sum of $41.20, for which sum let execution issue according to law. See: Fla. R. Civ. P. 1.310(d) and 1.310(g)(1). Moreover, until such time as said sum is paid, all discovery proceedings on the part of plaintiff are stayed. Plaintiff is further ordered to pay to B. A. Rolland, court reporter any changes in connection with the appearance of his firm for the taking of the above deposition.

4. The motion to dismiss of Plaza Building Corporation (dated August 10, 1971) and the motion to dismiss of Victor Posner Trust #6 d/b/a Victorian Plaza be and the same are hereby granted, and plaintiff's complaint be and the same is hereby dismissed without prejudice. Plaintiff shall have up to and including thirty days from the date hereof within which time to file a second amended complaint. The defendants shall have up to and including thirty days from the service of plaintiff's second amended complaint within which time to plead thereto as they are deemed advised.

5. After the court announced its ruling contained in paragraph 4 above, the plaintiff *orally* indicated its desire to depose the defendant Steven Posner, and in conjunction therewith made an *ore tenus* motion for protective order so as to exclude Mickey Zaret

from being present when the defendant Steven Posner is being deposed. Although said motion is not technically in accordance with the procedure set forth in Fla. R. Civ. P. 1.310(b) (since a notice has not been served for taking said deposition at this time) said motion be and the same is hereby granted, provided Mickey Zaret is not a party to these proceedings or an officer of a corporation which is a party to these proceedings at the time of the proposed examination of defendant Steven Posner.