[No. A030251. First Dist., Div. Four. Sept. 30, 1985.]

GILBERT WILLOUGHBY et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
DIANNA LUI, Real Party in Interest.

COUNSEL

George S. Duesdieker for Petitioners.

No appearance for Respondent.

David F. N. Schachter and Remer, Remer & Dunaway for Real Party in Interest.

OPINION

SABRAW, J.—Dianna Lui, real party in interest herein, filed suit against GTE Sprint Communications Corporation and Bud Higdon and Gilbert Willoughby, petitioners herein. Real party alleged that while she was employed at GTE, petitioners were her supervisors and subjected her to harassment, physical and verbal abuse, intimidation, threats, false accusations, intimidating interrogations and other encounters, insults and derogatory remarks both privately and in the presence of others. When her deposition was noticed, real party moved for a protective order to prevent the attendance of petitioners at her deposition. She supported her motion with an affidavit stating in relevant part as follows: ". . . I am still extremely upset over the matters which led to this lawsuit. I do not believe I could remain calm and testify with a cool head if I were required to do so in the presence of defendants, Bud Higdon and Gil Willoughby, in a closed room while being interrogated and videotaped by their attorney. I have experienced fear and uneasiness at the thought of defendants possibly seeking some retribution from me because of my filing of this lawsuit or scaring me into dismissing the lawsuit. I do not believe that I could control these emotions if I am required to recount these matters in the presence of defendants, especially while my reactions were being photographed. [¶] I believe that I would be able to testify more calmly and with better use of my mind for recall and deliberation if it were not done so in the presence of defendants while under the eyes of a video monitor." Real party's attorney also submitted a declaration stating that after discussing the matter with real party, he was of the view that it was unlikely that real party could testify calmly and with adequate reflection if she was required to do so in petitioners' presence. Petitioner Willoughby filed a declaration in opposition to the motion for a protective order in which he stated that his conduct with real party had always been on a professional and courteous basis and would continue to be so.

Respondent court permitted the taping of the deposition but ordered that petitioners not attend. Petitioners have filed a timely petition for writ of

mandate to require respondent court to allow their attendance at the deposition.

■ Section 2019, subdivision (b)(1) of the Code of Civil Procedure lists specific protective orders which the court may make in regard to depositions including an order "that the examination shall be held with no one present *except the parties* to the action and their officers or counsel." (Italics added.) The concluding proviso of the subdivision authorizes the court to "make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Real party argues that the latter provision gives the court authority to exclude parties in disregard of the earlier express provision that the court could exclude all "except the parties." Such a statutory construction would belie the plain unambiguous language of section 2019, subdivision (b)(1).

The clear language of the statute authorizing "no one present except the parties" expressly precludes an order excluding the parties. If the Legislature intended to provide for the possibility that parties could be excluded from depositions they could have said so. Instead they chose language expressly precluding the exclusion of parties from depositions in their own case. To prevent a client's presence during the cross-examination of the opposing party at deposition would significantly and unreasonably impair trial counsel's ability to effectively represent his client. In many cases it is critical for counsel to be able to confer with his client at his side concerning responses being received during the course of a deposition. To preclude this type of attorney-client conferring and to alternatively require the attorney to leave the deposition room to confer with his client outside or make contact by phone would disrupt the discovery processes and would constitute a wide departure from the existing rights of discovery.

Statutes in other jurisdictions containing similar or identical language to Code of Civil Procedure section 2019, subdivision (b)(1) have been construed to give all parties the right of attendance at dispositions. In *Mock v. City of Detroit, Dept. of Transp.* (1978) 81 Mich. 556 [265 N.W.2d 416], the Court of Appeals of Michigan was faced with the question of whether the trial court could preclude a party from attending the deposition of a coparty under a Michigan statute containing almost identical language[1] to Code of Civil Procedure section 2019, subdivision (b)(1). The Michigan court held at page 419: "We conclude that the trial court was without au-

---

[1]General Court Rules of 1963, rule 306.2 permits the court to restrict discovery as follows: "The examination shall be held with no one present except the parties to the action and their officers and counsel . . . the court may make any other order which justice requires to protect the party or witness from annoyance, undue expense, embarrassment, or oppression."

thority to preclude the presence of plaintiffs from the deposition of co-plaintiffs. . . . The purpose of the rule is to protect deponents from a deposing party's abuse of the discovery proceedings, not to protect the deposing party."[2]

As counsel for real party at oral argument acknowledged, we would have to find a "legislative oversight" in the statute to arrive at their interpretation. Rather than "finding" an oversight such statutory construction would require an active judiciary willing to "overshoot" the Legislature. This we are not prepared to do.

Let a peremptory writ of mandate issue directing respondent court to vacate its protective order of January 4, 1985, in Dianna Lui v. GTE Sprint Communications Corporation et al., San Mateo Superior Court action No. 285531, to the extent that the protective order forbids petitioners to be present at the taking of plaintiff's deposition.

Anderson, P. J., and Poché, J., concurred.

---

[2]See, e.g., *Anderson* v. *Snyder* (1917) 91 Conn. 404 [99 A. 1032] (language similar to Code Civ. Proc., § 2019, subd. (b)(1), *Gillis* v. *First National Bank of Frederick* (1915) 47 Okla. 411 [148 P. 994] (similar rule to Code Civ. Proc., § 2019, subd. (b)(1)).