[No. B023228. Second Dist., Div. Five. Mar. 17, 1987.]

LOWY DEVELOPMENT CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JOSE FONTENLA, INC., Real Party in Interest.

COUNSEL

Acret & Perrochet, Nicholas J. Toghia and Phillip S. Dalton for Petitioner.

No appearance for Respondent.

Mackey & Rozanski, Stanley H. Rozanski and Randy D. Gruen for Real Party in Interest.

OPINION

**FEINERMAN, P. J.**—The issue in this original proceeding is whether a court may issue a protective order excluding other corporate officers from attending the deposition of a fellow corporate officer when the corporation is a party to the action.

### FACTS

Petitioner Lowy Development Corporation (Lowy), described by the respondent court as "a small, family, closely-held corporation, in which all of the corporate officers are related and allied," is a defendant in a breach of contract action filed by plaintiff and real party in interest Jose Fontenla.

In July 1986, plaintiff scheduled the successive depositions of four officers and employees of Lowy and three officers and employees of its predecessor corporation, Lesny Development. The seven depositions were scheduled over two days.

The first scheduled deposition was that of Alan Lowy. Mr. Lowy appeared for his deposition accompanied by the six remaining deponents. Lowy's counsel refused to allow the deposition of Mr. Lowy to go forward without the other six being present. Plaintiff's counsel would not proceed under those circumstances.

The proceedings adjourned at that point and plaintiff moved for a protective order to exclude from each deposition all Lowy representatives except for the deponent and Lowy's counsel. Lowy opposed the motion, contending that all of Lowy's officers were entitled to be present at each deposition.

The transcript of the hearing on plaintiff's motion indicates that the respondent court was inclined to make a "compromise" order which would have permitted the corporation to have one officer, in addition to the deponent, present at each deposition as the corporation's representative. The court analogized the situation to a trial, where the court may exclude any witness, other than a party to the action, but "[i]f a person other than a natural person is a party to the action, an officer or employee designated by its attorney is entitled to be present." (Evid. Code, § 777, subd. (c).)

Whether by mistake or design, the court did not follow its original inclinations, and instead made an order providing that "*all* the remainder of corporate officers may not be present during the taking of the deposition of any individual corporate officer."

Lowy then filed the within petition for writ of mandate, seeking an order from this court to the effect that all corporate officers have an absolute right to be present at the deposition of any other corporate officer. We issued an alternative writ substantially reflecting the "compromise" originally proposed by the respondent court.

DISCUSSION

The circumstances under which a court may issue a protective order in a deposition proceeding are set forth in Code of Civil Procedure section 2019, subdivision (b)(1). That section permits the court to issue an order to the effect that a deposition "shall be held with no one present except the

parties to the action *and their officers or counsel.*" (Italics added.) Lowy contends that the Legislature's use of the word "officers" (plural) evidences its desire to afford *all* corporate officers the right to attend depositions in cases where the corporation is a party.

Section 2019, subdivision (b)(1) was derived from former rule 30(b) of the Federal Rules of Civil Procedure (28 U.S.C.). Rule 30(b) contained the language "that the examination shall be held with no one present except the parties to the action and their officers and counsel," the same language contained in Code of Civil Procedure section 2019, subdivision (b)(1).

In 1970, the federal discovery rules were reorganized and the subject matter contained in rule 30(b) was shifted to rule 26(c). The above language was changed to read, ". . . that discovery be conducted with no one present except persons designated by the court." (See 4 Moore's Federal Practice, par. 26.01[19]-[21].) While former rule 30(b) had been interpreted to mean that a court could not exclude bona fide officers of a corporation from a deposition (*Queen City Brewing Company* v. *Duncan* (D.C.Md. 1966) 42 F.R.D. 32), several courts have sanctioned protective orders granted pursuant to rule 26(c) which permitted the exclusion of a party to the case from a deposition. (*Galella* v. *Onassis* (2d Cir. 1973) 487 F.2d 986 [28 A.L.R. Fed. 879]; see also 1 Hogan, Modern Cal. Discovery (3d ed. 1981) § 2.18.)

Unfortunately, Code of Civil Procedure section 2019, subdivision (b)(1) was not amended to conform to the federal rules, and there are no reported California cases which address the issue presented here. Lowy contends that this dearth of California authority compels this court to follow *Queen City Brewing Company, supra,* 42 F.R.D. 32, and another federal case with similar facts, *Central Hide & Rendering Co.* v. *B.M.K. Corporation* (D.C.Del. 1956) 19 F.R.D. 296. In *Central Hide & Rendering Co.,* the plaintiff sought to exclude anyone other than counsel for plaintiff and defendant and the president of the defendant corporation from attending a deposition. The court held that the vice president of the corporation, as a corporate officer, was "a person entitled to be present within the contemplation of the Rule." (19 F.R.D. 296.)

We are, of course, not obligated to follow those cases, and decline to do so here.

■ One of the fundamental rules of statutory construction is that "statutes must be construed in a reasonable and common sense manner consistent with their apparent purpose and the legislative intent underlying

them ...." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 338 [189 Cal.Rptr. 450].)

 Lowy's interpretation of the word "officers" in section 2019, subdivision (b)(1) might seem reasonable when applied to a corporation of its size, but the impracticability of Lowy's position becomes apparent when one visualizes the chaos that would result if a large corporation adopted Lowy's position.

We do not believe that the Legislature, despite its choice of the word "officers" in section 2019, subdivision (b)(1), intended the result urged by Lowy here when it enacted that section. The purpose of the section is to give a court the power to issue protective orders to prevent discovery abuses. Lowy's position only increases the potential for such abuse. In this case, the presence at each deposition of closely allied prospective deponents could foster collusive testimony and, in the words of the respondent court, "obviate any possibility of getting an objective deposition from each one of those persons."

Because Lowy, as a party to this action, has the right to be "present" at each of the scheduled depositions (*Willoughby* v. *Superior Court* (1985) 172 Cal.App.3d 890 [218 Cal.Rptr. 486]), a court could not deprive Lowy of that right by excluding all of its officers from the depositions of other officers. **(1c)** By the same token, section 2019, subdivision (b)(1), does not prevent the court from issuing a protective order to exclude *some* of the officers, if such an order is appropriate to the case. The intent of this opinion is to provide the court with the flexibility to fashion a protective order which is appropriate to a particular case. The size of the corporation or complexity of the issues may warrant an order permitting more than one officer to attend a deposition.

 Under the facts of this case, however, an order permitting Lowy to have present at each deposition, in addition to the deponent, only one officer, or an employee authorized to act for the corporation, would be an appropriate exercise of the court's discretion. Plaintiff's stated reason for deposing each of Lowy's officers is to obtain that individual's perception of the contractual dealings between plaintiff and Lowy. That being the case, Lowy's counsel does not, as he claims, require the presence of the remaining officers to assist either counsel or the deponent.

Accordingly, we hold that Lowy may designate one officer, or an employee authorized to act for the corporation, in addition to the deponent, to be

present at each deposition. That representative must be the same at each deposition except for the officer's own, in which case another representative may be substituted.

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of August 1, 1986, granting the motion of plaintiff for a protective order, and enter a new and different order in accordance with the views expressed in this opinion.

Hastings, J., and Eagleson, J., concurred.