[Civ. No. 48956. First Dist., Div. Three. Jan. 6, 1982.]

JAMES JOHNSON, Plaintiff and Appellant, v.
ROBERT WINTER, as Sheriff, etc., Defendant and Respondent.

COUNSEL

Amanda Hawes and Estremera, Gallardo & Hawes for Plaintiff and Appellant. .

Selby Brown, Jr., County Counsel, and Steven Woodside, Deputy County Counsel, for Defendant and Respondent.

OPINION

SCOTT, Acting P. J.—James Johnson appeals an order denying his request for declaratory judgment and injunctive relief by which he sought to compel the Santa Clara County Sheriff's Department to permit inspection of all information acquired by the department pursuant to appellant's application for special deputy sheriff status.

Appellant Johnson, a security guard for the Santa Clara County Central Services Administration since November 1977, made application to the county sheriff's department in January 1978 for special deputy status which would enable him to have legal authority to write traffic tickets and thus work on weekday shifts. A background investigation was completed by the respondent sheriff's department in March 1978; however, no decision was communicated to appellant until his attorney made inquiry in August 1978. Appellant was denied deputy sheriff status with the department refusing to give reasons for the denial. Appellant was also refused the right to inspect his application file. Upon reconsideration, respondent granted appellant special deputy status on December 20, 1978, but continued to refuse inspection of the application file or an explanation for the original denial. Respondent has maintained both the contents of the file and the reasons for denial of the special status were confidential.

On February 13, 1979, appellant filed an action in superior court for declaratory and injunctive relief to require disclosure of his application file under the California Public Records Act (hereafter the PRA) (Gov. Code, § 6250 et seq.) and in the alternative for disclosure of the reasons for the original denial of special deputy status to appellant. On March 16, 1979, the court entered an order denying disclosure of the records.

In enacting the PRA, the Legislature declared that "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.) Section 6253 of the act provides that public records of state and local agencies are open to inspection and "every citizen has a right to inspect any public record, except as hereafter provided." The general policy of the PRA favors disclosure, and support for a refusal to disclose information must be found, if at all, among the specific exceptions to that general policy enumerated in the act. (*Cook* v. *Craig* (1976) 55 Cal.App.3d 773, 781 [127 Cal.Rptr. 712].)

Respondent concedes that its records regarding appellant's application for special deputy status are not among the records expressly exempted from disclosure by section 6254 of the act.[1] Instead, respon-

---

[1]One of respondent's theories at trial was that the records sought were a personnel file, exempt pursuant to Government Code section 6254, subdivision (c): "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." Respondent has abandoned that theory on appeal, perhaps in recognition that disclosure to an individual of his own personnel file, edited to protect

dent relies on section 6255, which provides: "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or *that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record.*" (Italics added.) Urging that the public interest served by nondisclosure outweighs any public interest served by disclosure, respondent argues that nondisclosure of information gathered by its investigators serves the important public interest of obtaining a thorough personal history of prospective special deputies. Respondent explains that such information is frequently obtained in confidence, and that without an assurance of confidentiality, many persons will refuse to reveal any information.

Appellant concedes the need to protect confidential sources, but argues that at least limited public access to the records of applicants for special deputy status is necessary to enable the public to monitor the selection of deputy sheriffs. He also acknowledges his own personal interest in these records, arguing that disclosure would enable him either to correct any inaccurate information therein, or to improve any undesirable personal quality mentioned so that in the future he will not be denied advancement or favorable employment.

How the sheriff's department carries out its responsibilities in investigating and approving applicants for special deputy status is of legitimate public interest. (See 53 Ops.Cal.Atty.Gen. 136, 145-146 (1970).) That interest is particularly strong in this case, where appellant was initially denied special deputy status, and was then granted such status only after twice requesting either an explanation for his rejection or an inspection of the records. Moreover, we cannot ignore the fact that appellant is seeking disclosure of information compiled for the purpose of determining his own suitability for employment advancement. Other provisions of state law evince a consistent public policy that individuals shall have access to records which contain such information about themselves, subject to certain limited exceptions and with protection for confidential sources. For instance, the Information Practices Act of 1977 (Civ. Code, § 1798 et seq.) provides in relevant part that an individual may inspect all personal information pertaining to

confidential sources, would not constitute an invasion of that individual's own privacy. Respondent may also have abandoned its characterization of these records as a personnel file because Government Code section 31011 gives every county employee the right to inspect and review every official record relating to his or her performance as an employee, with the possible exception of letters of reference.

himself or herself in any record maintained by any state agency. "Personal information" within the meaning of that act includes information compiled for the purpose of determining suitability, eligibility, or qualifications for employment, advancement, or promotion. (Civ. Code, §§ 1798.3, subd. (b); 1798.38.) If such information was received in confidence, the agency is to inform the individual of the information without identification of the source. (*Ibid.*) In addition, as already mentioned, Government Code section 31011 provides that county employees shall have the right to inspect and review "any official record" relating to his or her performance as an employee, with the possible exception of letters of reference. Similarly, Labor Code section 1198.5 provides that every employer shall permit an employee to inspect personnel files which are or have been used to determine that employee's qualifications for employment, promotion, additional compensation, or termination except for letters of reference.

We also recognize, however, that assurances of confidentiality may be a prerequisite to obtaining candid information about applicants for special deputy status, and that nondisclosure of such information given in confidence serves the public interest. The public has an interest in encouraging cooperation with investigations made by public agencies. (53 Ops.Cal.Atty.Gen. 136, 149 (1970); Evid. Code, § 1040 et seq.) Moreover, the right of privacy of those who communicate such confidences, whether to private employers or to public agencies, is deserving of protection. (*Board of Trustees* v. *Superior Court* (1981) 119 Cal.App.3d 516, 528-530 [174 Cal.Rptr. 160]; *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 653-655 [117 Cal.Rptr. 106].)

We agree, therefore, that to the extent the file contains matters obtained with the understanding implicit or explicit that such matters could be kept confidential, the court was correct in denying disclosure of those matters. However, we cannot agree that as a matter of law, without a factual determination, *all* matters contained within appellant's applicant investigation file are privileged. We are concerned that similar to personnel files, an applicant's investigation file contains an assortment of information, only some of which must be protected.[2]

[2]For example, it is likely that an investigation of an applicant for the position of deputy sheriff includes obtaining the applicant's criminal arrest record. Since the applicant has the right to obtain such records from the state or local police (Pen. Code, §§ 11105, 11120 et seq., 11140 et seq., 13300 et seq.), it would be unreasonable for a court to deny disclosure of the item on the theory that the item was obtained only by an implicit or explicit understanding it would not be disclosed to the applicant.

(Gov. Code, § 31011; Lab. Code, § 1198.5; 53 Ops.Cal.Atty.Gen. 136, 147-148 (1970); see *Board of Trustees* v. *Superior Court, supra,* 119 Cal.App.3d 516, 528-533; *American Federation of State, etc. Employees* v. *Regents of University of California* (1978) 80 Cal.App.3d 913, 918-919 [146 Cal.Rptr. 42].) The PRA has been judicially construed to require that where nonexempt materials are not inextricably intertwined with exempt materials and are reasonably segregable, segregation and disclosure of the nonexempt materials are required to satisfy the objectives of the act. (*Northern Cal. Police Practices Project* v. *Craig* (1979) 90 Cal.App.3d 116, 123-124 [153 Cal.Rptr. 173].) We also note that the PRA has recently been amended to provide that when a request is received for a copy of records, any "reasonably segregable portion of a record" is to be provided after deletion of the portions which are exempt by law. (Stats. 1981, ch. 968, § 3.5, p. 3683.)

Government Code section 6259 directs a court: "Whenever it is made to appear by verified petition to the superior court of the county where the records ... are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and such oral argument and additional evidence as the court may allow...."

We recognize that Evidence Code section 915, subdivision (b), is permissive and that the decision whether or not to hold an *in camera* hearing is committed to the sound discretion of the trial court. However, the burden of demonstrating the need for confidentiality of *all* of the materials in a file or document which is not expressly exempted rests on the agency claiming the privilege. If an *in camera* hearing pursuant to Evidence Code section 915, subdivision (b), is the only means available to the agency to meet its burden, then it is an abuse of discretion not to hold such a hearing to segregate nonprivileged material. (See *In re Muszalski* (1975) 52 Cal.App.3d 475, 483 [125 Cal.Rptr. 281].) If, after reviewing the contents of the file, the judge determines that the respondent was justified in refusing to disclose any of the materials in the file, he shall return the file to the respondent without disclosing its contents with an order supporting the decision refusing disclosure. (Gov. Code, § 6259.)

The cause is remanded to the trial court for further proceedings in accordance with the views expressed herein.

Barry-Deal, J., and Anello, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.