[No. B091464. Second Dist., Div. Four. Jan. 10, 1996.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ADAM J. AXELRAD, Real Party in Interest.

## COUNSEL

James K. Hahn, City Attorney, Frederick N. Merkin, Assistant City Attorney, and Donna Weisz Jones, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Robert Mann and Donald W. Cook for Real Party in Interest.

## OPINION

**HASTINGS, J.**—The City of Los Angeles (City) petitions for a peremptory writ of mandate after the superior court ordered it to give copies of nine deposition transcripts to real party in interest, Adam J. Axelrad. The principal issue presented is whether a party may utilize the California Public Records Act, Government Code sections 6250 et seq., in order to obtain documents generated in litigation in which the City was a party.[1] We conclude in the affirmative.

### STATEMENT OF THE CASE

On September 23, 1994, Axelrad submitted requests to the office of the city attorney pursuant to the California Public Records Act for all but four deposition transcripts in the following cases, each of which had been concluded: Torres v. City of Los Angeles (Super. Ct. L.A. County, No. C 714345); Rivera v. City of Los Angeles (Super. Ct. L.A. County, No. NWC 52890); and Braezell v. City of Los Angeles (U.S. Dist. Ct. (C.D.Cal.), No. CV 90-4743 WJR). The City refused to comply with the request.

Axelrad brought a petition in the Los Angeles County Superior Court to mandate compliance with the California Public Records Act. The court granted the petition and ordered the City to give Axelrad copies of the deposition transcripts. This petition followed.

The City urges that depositions, a creature of the Civil Discovery Act,[2] do not fall within the definition of "public record" as defined in the California Public Records Act. As a fall back position, the City argues that the depositions are exempt from disclosure pursuant to sections 6254, subdivision (k), and 6255 of the act. The City also urges that disclosure of the

---

[1]All references hereafter will be to the Government Code unless otherwise noted.

[2]Section 2016 et seq. of the Code of Civil Procedure.

depositions may invade the right to privacy of one or more of the people involved in the prior actions. Finally, the City argues the potential burden and oppression on it to review all of the depositions to determine if they fall within any exemption listed in section 6254.

## DISCUSSION

"The Public Records Act . . . was enacted in 1968 and provides that 'every person has a right to inspect any public record, except as hereafter provided.' (§ 6253, subd. (a).) We have explained that the act was adopted 'for the explicit purpose of "increasing freedom of information" by giving the public "access to information in possession of public agencies." ' (*CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 651 [230 Cal.Rptr. 362, 725 P.2d 470].) As the Legislature declared in enacting the measure, 'the Legislature . . . finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.' (§ 6250.)" (*Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 370 [20 Cal.Rptr.2d 330, 853 P.2d 496].)

In *CBS, Inc.* v. *Block, supra,* 42 Cal.3d 646, the court noted: "Implicit in the democratic process is the notion that government should be accountable for its actions. In order to verify accountability, individuals must have access to government files. Such access permits checks against the arbitrary exercise of official power and secrecy in the political process." (*Id.* at p. 651.) The court also noted: "Maximum disclosure of the conduct of governmental operations was to be promoted by the Act. (53 Ops.Cal.Atty.Gen. 136, 143 (1970).)" (*Id.* at pp. 651-652.)

Disclosure is tempered by the right of privacy: "In enacting this chapter, the Legislature, *mindful of the right of individuals to privacy,* finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250; *CBS, Inc.* v. *Block, supra,* 42 Cal.3d at p. 651, italics added.)

The definition of public record is provided in section 6252, subdivision (d): " 'Public records' " includes "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics."

*Do depositions fall within the California Public Records Act?*

The City urges that pretrial depositions which have never been filed with the court should not be construed as public records pursuant to the act.

The argument is grounded on the concept that pretrial depositions are creatures of the Civil Discovery Act and their use and dissemination are controlled exclusively by the provisions of that act. The City also cites the case of *Seattle Times Co.* v. *Rhinehart* (1984) 467 U.S. 20 [81 L.Ed.2d 17, 104 S.Ct. 2199].

First, the City fails to point to any provision of the Civil Discovery Act or the California Public Records Act which specifically exempts depositions from falling within the definition of public record. To the contrary, the California Public Records Act specifically contemplates that documents generated in litigation fall within its purview. Section 6254, subdivision (b), recognizes an exemption for disclosure for "[r]ecords pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to Division 3.6 (commencing with Section 810), *until the pending litigation or claim has been finally adjudicated or otherwise settled.*" (Italics added.)

In *State of California* ex rel. *Division of Industrial Safety* v. *Superior Court* (1974) 43 Cal.App.3d 778, 783 [117 Cal.Rptr. 726], the court notes: "Subdivision (b) exempts from disclosure records 'pertaining to' pending litigation to which a public agency is a party. This essentially provides public agencies with the protection of the attorney-client privilege, including work product, *for a limited period while there is ongoing litigation.*" (Italics added.)

This subdivision is not limited to materials which may fall within the concepts of attorney-client privilege or work product. In *Roberts* v. *City of Palmdale, supra,* the court states: "Subdivision (b) 'has been interpreted to encompass many more types of records then [*sic*] would be protected by the attorney-client . . . privilege[]. Thus, it would seem that this subsection was primarily designed to prevent a litigant opposing the government from using the [Public] Records Act's disclosure provisions to accomplish earlier or greater access to records pertaining to pending litigation or tort claims than would otherwise be allowed under the rules of discovery, rather than being aimed solely at preventing discovery of a limited class of documents falling within the purview of the attorney-client . . . privilege[].' (Note, [*The California Public Records Act: The Public's Right of Access to Governmental Information* (1976)] 7 Pacific L.J. [105,] 131, fns. omitted.) [See also *id.* at p. 122 & fn. 96.]" (5 Cal.4th at p. 372.)

Finally, in *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange* (1984) 158 Cal.App.3d 893 [205 Cal.Rptr. 92], a newspaper sought disclosure of documentation generated by settlement of a claim made by a prisoner

against the County of Orange. The information sought was ordered produced by the trial court and the county appealed. One issue raised was whether or not documents generated by the claim fell within the California Public Records Act. The court concluded: "Thus, the County's claims settlement committee is a 'local agency' under the [California Public Records Act] and the documents relating to settlement of a private personal injury claim with public funds constitute 'writings' containing information regarding 'the conduct of the public business,' subject to public inspection and disclosure under the [California Public Records Act]. (§§ 6253, 6256.)" (*Id.* at p. 901.)

It is logical to conclude that depositions generated in litigation arising out of claims against the City also relate to the conduct of public business subject to disclosure pursuant to the California Public Records Act.

We find nothing in *Seattle Times Co.* v. *Rhinehart, supra,* 467 U.S. 20, which persuades us that depositions do not fall within the scope of the California Public Records Act. In that case the United States Supreme Court upheld a protective order issued by a trial court in the State of Washington preventing dissemination of information obtained in discovery. The Supreme Court held that the First Amendment did not prevent the court from fashioning such a protective order. We are not presented with any similar issue here.

*Exemption based upon section 6254, subdivision (k):*

The City relies upon 6254, subdivision (k) to preclude disclosure. That section provides: "Except as provided in Section 6254.7,[3] nothing in this chapter shall be construed to require disclosure of records that are any of the following: [¶] . . . [¶] (k) Records the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege."

We find no safe harbor in this section for the City.

First, the City has identified no specific privilege within the Evidence Code which would apply to the situation presented. Instead, the City's argument relies on the application of the Civil Discovery Act and section 6254.5, subdivision (b) to demonstrate that other provisions of state law prohibit disclosure.

The pertinent portion of section 6254.5, subdivision (b) upon which City relies states as follows: "Notwithstanding any other provisions of the law,

[3]Not applicable here.

whenever a state or local agency discloses a public record which is otherwise exempt from this chapter, to any member of the public, this disclosure shall constitute a waiver of the exemptions specified in Section[] 6254. . . . [¶] This section, however, shall not apply to disclosures: [¶] . . . [¶] (b) Made through other legal proceedings." The argument proceeds that because the City was compelled to take part in discovery in the subject cases, no waiver occurred and the depositions are exempt from disclosure.

The problem with this argument is that the three cases which generated the depositions have been concluded. Section 6254.5, subdivision (b) specifically references the exemptions listed in section 6254, including subdivision (b), which lasts only for as long as the litigation remains pending.

The qualification relating to pending matters abundantly reveals the Legislature did not intend to cloak records of matters that were concluded. The maxim *expressio unius est exclusio alterius* is fully applicable to the construction of this provision.

*Section 6255:*

The City also relies upon section 6255 to prevent disclosure. This section establishes a broader, but less exact exemption than those listed in section 6254. It reads: "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record." The City urges that the interest of the City in precluding disclosure outweighs the interest of the public in allowing disclosure. We disagree.

Application of section 6255 was discussed in *Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325 [283 Cal.Rptr. 893, 813 P.2d 240]: "The Act sets forth numerous categories of records exempt from compelled disclosure. (§ 6254.) In addition, section 6255 establishes a 'catchall' exemption that permits the government agency to withhold a record if it can demonstrate that '*on the facts of a particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record.*' [¶] The Act does not specifically identify the public interests that might legitimately be 'served by *not* making the record public' under section 6255. The nature of those interests, however, may be fairly inferred, at least in part, from the specific exemptions contained in section 6254. As one commentator has observed: '[S]ection 6255 was designed to act as a catchall for those individual records *similar in nature* to the categories of records exempted by section 6254, but which the Legislature determined, in balancing the competing interests, would not justify disclosure as a general

rule. . . . *[T]he provisions of section 6254 will provide appropriate indicia as to the nature of the public interest in nondisclosure and will thus aid the courts in determining the disclosability of a document under section 6255.'* (Note, *The California Public Records Act: The Public's Right of Access to Governmental Information* (1976) 7 Pacific L.J. 105, 119-120.)" (*Id.* at p. 1338, italics added.)

Section 6254, subdivision (b), contemplates nondisclosure of documents while litigation remains pending. As noted above in *Roberts* v. *City of Palmdale, supra,* 5 Cal.4th 363, the obvious purpose of this exemption is to prevent a litigant from obtaining a greater advantage against the governmental entity than would otherwise be allowed through normal discovery channels. However, once the litigation has concluded, the overall purpose of the Act becomes paramount: "to verify accountability." (*CBS, Inc.* v. *Block, supra,* 42 Cal.3d at p. 651.)

City urges that allowing discovery from closed cases to be disclosed would create a chilling effect upon the manner in which a public entity prepares its cases and would severely undermine the adversarial system. A similar argument was proffered and rejected in *State of California* ex rel. *Division of Public Safety* v. *Superior Court, supra,* 43 Cal.App.3d 778. In that case, a bridge under construction had collapsed, killing a worker. The State of California was a codefendant in the action and plaintiffs sought to obtain copies of documents in possession of the Division of Industrial Safety relating to pre-collapse information. The division argued that preclusion of disclosure was more beneficial to the public interest than disclosure. The court disagreed: "We think, nevertheless, that the possibility of later discovery of adverse information in the Division's files may have the opposite effect in terms of achievement of the basic objective of the Division's operations—namely, industrial safety in California. Employers may be more careful of the safety of their employees and employees more mindful of any violations by their employers of safety requirements once employers and employees have learned that the violation of such requirements in an appropriate case may have adverse consequences for employers beyond those within the Division's jurisdiction. Moreover, the Division itself may be more zealous in enforcing safety requirements if it knows that parties to tort actions may discover within the Division's files material relevant to the charges of negligence made in such actions provided such material is not protected by the official information privilege. Finally, we are not convinced that the Division's sources of information will 'dry up' if such discovery is permitted. Employers and their agents who fail to respond to the Division's requests for information are guilty of a misdemeanor. (Lab. Code, § 6314, subd. (b).) As to their employees, specific provisions of the Labor Code

protect them from employer retaliation for reports to the Division. (Lab. Code, §§ 6310-6312.) Therefore, we agree with the trial court that on balance 'the public interest will be better served by the limited disclosure ordered here.' " (*Id.* at p. 786.)

We are advised by Axelrad that the depositions from the three subject cases all relate to claims of excessive force in the use of police dogs by the City. He advises that the central issue is the policy adopted to establish how and when police dogs are utilized. In the instant case, disclosure may serve one of two beneficial purposes. First, if the policy of the City is improper, and the City is violating rights of individuals, disclosure may effect a change in the policy to comport with appropriate law. Second, if disclosure proves that the City's policies are not violative of the law, and are serving a valid purpose, the public will learn that its officials are comporting themselves appropriately.

*The right to privacy:*

The City urges that disclosure of the depositions may impinge upon the right of privacy of the people involved in the subject cases. It does not present any specific information to support such a claim, only a general assertion.

A similar assertion was presented in *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange, supra,* 158 Cal.App.3d 893. The county urged that the claimant's right to privacy must be considered. At issue were medical records of the claimant which had been presented in connection with the claim and upon which the county had relied in settling the litigation. The court of appeal ruled that disclosure was appropriate, recognizing that the provisions of the California Public Records Act "evidence legislative concern with 'two fundamental if somewhat competing societal concerns— prevention of secrecy in government and protection of individual privacy.' (*Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 651 [117 Cal.Rptr. 106]; see § 6250.) While the 'right to know' is centered upon the need for openness in the management of governmental affairs, '[s]ocietal concern for privacy focuses on minimum exposure of personal information collected for governmental purposes.' (*Ibid.*) The purpose of the exemption for private records embodied in subdivision (c) of section 6254 is to '. . . "protect information of a highly personal nature which is on file with a public agency . . . [to] typically apply to public employee's personnel folders or sensitive personal information which individuals *must* submit to government." ' (*San Gabriel Tribune* v. *Superior Court, supra,* 143 Cal.App.3d at p. 777, citing A Final Rep. Cal. Statewide Information Policy Com. Rep. (Mar. 1970) pp. 9-10, 1 Appen. to J. of the Assem. (1970, Reg. Sess.), italics added.) [¶] The

medical records enclosed in Clemens' letter requesting settlement, although private in nature, were *voluntarily* submitted to substantiate Clemens' personal injury claim. Their disclosure was to further his private interest, to settle the case, not to accomplish any governmental purpose or goal. By making his personal injury claim, Clemens placed his alleged physical injuries, and medical records substantiating the same, in issue. Furthermore, by voluntarily submitting these records to the County for the purpose of reaching a settlement on his claim, Clemens tacitly *waived* any expectation of privacy regarding these medical records. Similarly, the County utilized these supporting medical records in arriving at its decision to settle the claim. It cannot now hide behind Clemens' 'privacy' claim to justify its concealment of these records from public scrutiny. [Citation.]" (*Id.* at p. 902.)

The circumstances presented here appear to be no different than those presented in the *County of Orange* case. The City does not advise us that any information contained in any of the depositions would fall within the right of privacy.

*The burden on the City:*

The City presents no specific argument or evidence on the actual burden or prejudice that may be visited upon it to review the depositions to determine whether or not they would fall within any specific exemption under the act. Nor does it cite any provision of the California Public Records Act which contemplates that this is a valid ground for nondisclosure. Therefore, we reject this argument.

DISPOSITION

The order to show cause is discharged, and the petition for writ of mandate is denied.

Vogel (C. S.), Acting P. J., and Klein (Brett), J.,* concurred.

Petitioner's application for review by the Supreme Court was denied April 11, 1996.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.