TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 98-901 |
|  | : |  |
| of | : | December 17, 1998 |
|  | : |  |
| DANIEL E. LUNGREN | : |  |
| Attorney General | : |  |
|  | : |  |
| CLAYTON P. ROCHE | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

THE HONORABLE THOMAS F. CASEY, III, COUNTY COUNSEL, SAN MATEO COUNTY, has requested an opinion on the following question:

Are claims for senior citizens' exemptions from assessment of a parcel tax levied by a school district subject to inspection by members of the general public?

CONCLUSION

Claims for senior citizens' exemptions from assessment of a parcel tax levied by a school district are subject to inspection by members of the general public.

ANALYSIS

We are informed that in 1991, a school district began imposing a parcel tax pursuant to an initiative measure approved by the voters of the district. The measure contains an exemption from the tax for the primary residence of homeowners who are over 65 years of age. Tax exemption claims must be filed annually with the school district, giving the names, addresses, and ages of the homeowners. The question presented for resolution is whether the exemption claims filed with the school district are subject to inspection by members of the general public. We conclude that they are.

The California Public Records Act (Gov. Code, §§ 6250-6270; "Act")[1] generally requires state and local agencies to allow members of the public to inspect all records in their custody and obtain copies thereof. (§§ 6250, 6252, 6253, 6257; *Register Div. Freedom Newspaper, Inc.* v. *County of Orange* (1984) 158 Cal.App.3d 893, 901.) This public right of access, however, is not absolute. The Legislature has recognized that conflicting interests may arise which would require certain government records to remain confidential. (*Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325, 1338-1339; *CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 651-652; *Rogers* v. *Superior Court* (1993) 19 Cal.App.4th 469, 476; *New York Times Co.* v. *Superior Court* (1990) 218 Cal.App.3d 1579, 1584-1585.) As stated in *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 653: "The objectives of the Public Records Act thus include preservation of islands of privacy upon the broad sea of enforced disclosure."

In section 6254 the Legislature has enumerated various categories of records that may be claimed by a public agency as exempt from disclosure.[2] One exemption of potential applicability here is subdivision (k) of the statute which exempts from disclosure:

> "Records the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law, including but not limited to, provisions of the Evidence Code relating to privilege."

We know of no specific statute that would prohibit the disclosure of a senior citizen's tax exemption claim, unlike certain voter records (Elec. Code, §§ 2166, 2194), driving records (Veh. Code, §§ 1808.4-1808.7, 1808.21-1808.23), and income tax returns (Rev. & Tax. Code, § 19542).

---

[1] All references hereafter to the Government Code are by section number only.

[2] These exemptions are permissive, not mandatory. (*CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 652; *Black Panther Party* v. *Kehoe*, *supra*, 42 Cal.App.3d at 656.) The Act grants a public agency discretionary authority to override the statutory exceptions. (§§ 6253.1, 6254.)

We note that subdivision (k) of section 6254 expressly refers to exemptions from disclosure contained in "provisions of the Evidence Code relating to privilege." It has been suggested that the tax exemption claims in question could fall within the so-called "official information" privilege found in Evidence Code section 1040, subdivision (b)(2), which provides:

"(b) A public entity has a privilege to refuse to disclose official information . . . if . . .

"(2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered."

However, we need not further discuss subdivision (k) here, since the balancing test necessary under Evidence Code section 1040 is essentially equivalent to that set forth for nondisclosure under the terms of section 6255 (*CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 656; see *Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1339, fn. 9), which we will examine below in detail.

The only other disclosure exemption contained in section 6254 that might arguably apply here is subdivision (c), which exempts from disclosure "[p]ersonnel, medical, or similar files the disclosure of which would constitute an unwarranted invasion of personal privacy." While a person's age may be "personal" information, the tax exemption claims at issue are not similar to personnel or medical files. As the courts have concluded with respect to subdivision (c): "The purpose of the exemption is to 'protect information of a highly personal nature which is on file with a public agency . . . [to] typically apply to public employee's personnel folders or sensitive personal information which individuals must submit to government.' [Citation.]" (*San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 777; accord, *City of Los Angeles* v. *Superior Court* (1996) 41 Cal.App.4th 1083, 1091; *Register Div. Of Freedom Newspapers, Inc.* v. *County of Orange*, *supra*, 158

Cal.App.3d at 902.) Property tax exemption claims do not meet the terms and purposes of subdivision (c) of section 6254.

Having examined the Act's express exemptions from public disclosure, we turn to the general "public interest" provision of section 6255. Section 6255 states:

"The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter *or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record.*" (Italics added.)

Similar to Evidence Code section 1040, section 6255 allows withholding a document from disclosure when the public interest so requires. The courts have examined this statutory language in a variety of situations: *American Civil Liberties Union Foundation* v. *Deukmejian* (1982) 32 Cal.3d 440, 467 [Department of Justice index cards withheld as too burdensome]; *Register Div. Of Freedom Newspaper, Inc.* v. *County of Orange*, *supra*, 158 Cal.App.3d at 908-910 [county case settlement documents ordered disclosed]; *Braun* v. *City of Taft* (1984) 154 Cal.App.3d 332, 345-346 [city employee's employment records ordered disclosed]; *San Gabriel Tribune* v. *Superior Court*, *supra*, 143 Cal.App.3d at 780 [city contractor's financial data ordered disclosed]; *Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788, 792-794 [Medi-Cal audit manual withheld]; *Johnson* v. *Winter* (1982) 127 Cal.App.3d 435, 438-439 [employee applicants' personnel data given with assurance of confidentiality withheld]; *American Federation of State etc. Employees* v. *Regents of University of California* (1978) 80 Cal.App.3d 913, 915-919 [university audit report withheld]; *Procunier* v. *Superior Court* (1973) 35 Cal.App.3d 211 [prison building plans and security information withheld]; *Yarish* v. *Nelson* (1972) 27 Cal.App.3d 893, 902 [certain prison records of inmates withheld]; *Uribe* v. *Howie* (1971) 19 Cal.App.3d 194, 209-211 [pesticide applicator's spray reports ordered disclosed].)

Under section 6255's balancing test, the courts have emphasized that the primary benefit of disclosing agency records to the public is to promote government accountability. The public and the media have a legitimate need to know whether government officials are performing their duties in a responsible manner. (*Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1344; *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 651, 656.) Here, property owners have a significant interest in knowing whether other property owners are complying with the law and whether public officials are fairly performing their duties in granting exemptions from the tax.

On the other hand, if the information in question is not disclosed, the rights of privacy of the senior citizens in the district would be protected. Arguably, they would not be subject to unwanted solicitations directed to them due solely to their having surpassed the age of 65. Such speculation, however, is not a basis for denying disclosure under the terms of section 6255. (See *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 652; *New York Times Co.* v. *Superior Court*, *supra*, 218 Cal.App.3d at 1585-1586.) Also noteworthy is that inspection of the tax exemption claims would not subject the senior citizens to any "social stigma" or reveal "intimate information concerning [the person's] own or his family's medical or

psychological history." (*CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 654-655.) Rather, the senior citizens here have volunteered the information in order to get a tax benefit not available to other property owners. (See *id.*, at p. 654; *City of Los Angeles* v. *Superior Court*, *supra*, 41 Cal.App.4th at 1092; *New York Times Co.* v. *Superior Court*, *supra*, 218 Cal.App.3d at 1585; *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange*, *supra*, 158 Cal.App.3d at 902; *Gallagher* v. *Boller* (1964) 231 Cal.App.2d 482, 494.) Following these cases, particularly *City of Los Angeles* v. *Superior Court*, *supra*, 41 Cal.App.4th 1083, and *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange*, *supra*, 158 Cal.App.3d 893, we find no legitimate basis for withholding public inspection of these tax exemption claims pursuant to section 6255.

Consistent with this determination, we note that in *Gallagher* v. *Boller*, *supra*, 231 Cal.App.2d 482, the court ruled that records in a county assessor's office relating to a claim of exemption from property taxes filed by a church were open to public inspection. In 48 Ops.Cal.Atty.Gen. 78 (1986), we concluded that affidavits in a county assessor's office relating to claims of exemption from property taxes filed by veterans were open to public inspection. In a 1982 informal opinion (Cal. Atty. Gen., Indexed Letter, No. IL 82-601 (June 16, 1982)), we concluded that records in a county assessor's office relating to claims of exemption from property taxes filed by timber owners were subject to public inspection. The Legislature has specifically directed county assessors to "maintain records which shall be open to public inspection to identify those claimants who have been granted the homeowners' exemption." (Rev. & Tax. Code, §§ 408, subd. (a), 408.2, subd. (a).) As indicated above, various statutory provisions protect the confidentiality of specified public records. If the Legislature wished to keep the records in question confidential, it easily could have so provided. (See *State Farm Mut. Auto. Ins. Co.* v. *Department of Motor Vehicles* (1977) 53 Cal.App.4th 1076, 1082; 73 Ops.Cal.Atty.Gen. 13, 23 (1990).)

Finally, we point out that under the Act, an agency may elect to withhold disclosure of any information, but such decision is subject to court review. (§§ 6258, 6259.) Subdivision (b) of section 6259 provides:

> "If the court finds that the public official's decision to refuse disclosure is not justified under section 6254 or section 6255, he or she shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, he or she shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure."

When a court undertakes the weighing process pursuant to section 6255, "[t]he burden of demonstrating a need for nondisclosure is upon the agency claiming the right to withhold the information. . . ." (*Braun* v. *City of Taft*, *supra*, 154 Cal.App.3d at 345.) "Each case must

undergo an individual weighing process." (*Id.*, at p. 346.)  Upon appellate review, the court determines whether there was substantial evidence to uphold the trial court's findings. (*Times Mirror Co.* v. *Superior Court*, *supra*, 53 Cal.3d at 1336; *CBS, Inc.* v. *Block*, *supra*, 42 Cal.3d at 650-651.)

We conclude that claims for senior citizens' exemptions from assessment of a parcel tax levied by a school district are subject to inspection by members of the general public.

\* \* \* \* \*