Opinion
 

 BARON, J.
 

 Respondent State Farm Mutual Automobile Insurance Company (hereafter State Farm), filed a petition for writ of mandate in the superior court, seeking, inter alia, an order requiring appellant Department of Motor Vehicles (hereafter the DMV) to identify a purchaser of a car. The superior court ordered the DMV to release this information, and the DMV appealed. We affirm.
 

 Facts
 
 [1]
 

 In February 1992, Brian Moore leased a new Mercedes Benz 500 SL from the Mercedes Benz Credit Corporation (hereafter MBCC) and obtained an
 
 *1079
 
 automobile liability policy for the car from State Farm. In August 1993, Moore placed the car on consignment with Celebrity Motorcars, Ltd. (hereafter Celebrity), seeking someone to assume his lease payments. Moore alleges that in October 1993, he discovered that Celebrity had closed and that his car was missing. When Moore reported the missing car to the police, they purportedly told him that Celebrity had stolen approximately 20 other vehicles. Celebrity’s owner later pled guilty to forgery and theft.
 

 Moore told State Farm he had learned that Celebrity had sold his car to an unknown doctor in Malibu (hereafter the subsequent purchaser), and Moore made a claim to State Farm for the car. State Farm resolved the claim by paying $87,654.60 to MBCC. In return, Moore and MBCC transferred title to State Farm.
 

 When State Farm tried to register the car in its name, the DMV declined to do so. The subsequent purchaser disputed ownership through an attorney, but refused to disclose his or her identity. State Farm requested the subsequent purchaser’s identity and address from the DMV, which declined to release the information.
 

 In April 1995, Jo Ann Montoya, an attorney for State Farm, submitted a request to the DMV for the subsequent purchaser’s name and address pursuant to Vehicle Code section 1808.22, subdivision (c). The DMV refused to release the information without a court order.
 

 Relevant Procedural History
 

 On July 20, 1995, State Farm filed its petition for writ of mandate in the superior court, requesting an order requiring DMV to identify the subsequent purchaser, and to register the car in State Farm’s name. Following a hearing on August 23,1995, the trial court denied the petition in part, but ordered the DMV to release the requested information. This appeal followed.
 

 Discussion
 

 The DMV contends that the information State Farm seeks cannot be released under Vehicle Code section 1808.22, subdivision (c).
 
 [2]
 

 A.
 
 Mootness
 

 The issue of mootness arises at the threshold of our discussion because State Farm learned the subsequent purchaser’s name and address
 
 *1080
 
 from a source other than the DMV during the pendency of this appeal. The DMV nonetheless urges us to hear this appeal, contending that the issue presented is one of public significance that requires review.
 

 “If an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot. [Citations.]”
 
 (Liberty Mut. Ins. Co.
 
 v.
 
 Fales
 
 (1973) 8 Cal.3d 712, 715-716 [106 Cal.Rptr. 21, 505 P.2d 213].) The issue presented here reaches privacy concerns of interest not only to the DMV but to the public it serves. Moreover, it is probable that although the issue arises with some frequency, the DMV is left without guidance from an appellate court because, as here, the party seeking information obtains it from another source without litigation. In our view, this appeal presents a matter of continuing public interest that is likely to recur, and thus satisfies the exception to the general rule against deciding issues that are moot.
 

 B.
 
 Vehicle Code Section 1808.22, Subdivision (c)
 

 The issue presented concerns the scope of the exception found in Vehicle Code section 1808.22, subdivision (c), to the privacy provisions of the Vehicle Code.
 
 [3]
 
 Section 1808.21, subdivision (a), provides: “Any residence address in any record of the department is confidential and shall not be disclosed to any person, except a court, law enforcement agency, or other government agency, or as authorized in Section 1808.22 or 1808.23.” Subdivision (c) of section 1808.22 provides: “Section 1808.21 does not apply to an attorney when the attorney states, under penalty of perjury, that the motor vehicle or vessel registered owner or driver residential address information is necessary in order to represent his or her client in a criminal or civil action which directly involves the use of the motor vehicle or vessel that is pending, is to be filed, or is being investigated. ...”
 

 Here, State Farm’s application for address information contained statements, certified by State Farm’s counsel, that Celebrity had improperly sold the Mercedes Benz to the subsequent purchaser, that State Farm had acquired Moore’s and MBCC’s interests in the vehicle when it paid benefits under Moore’s policy, and that the address information was needed “to recover the car or otherwise resolve the title issue.” State Farm’s counsel also certified that the requested information was necessary “to represent [State Farm] in a criminal or civil action, which directly involves the use of the motor vehicle/motorcycle, that is pending, is to be filed, or is being
 
 *1081
 
 investigated.” The DMV nonetheless contends that State Farm’s information request falls outside the exception in section 1808.22, subdivision (c), because the action being investigated by State Farm does not “directly involve[] the use of the motor vehicle” within the meaning of that exception.
 
 [4]
 

 We review this issue of statutory interpretation de novo. (See
 
 Eidsmore
 
 v.
 
 RBB, Inc.
 
 (1994) 25 Cal.App.4th 189, 195 [30 Cal.Rptr.2d 357].) “The objective of statutory interpretation is to ascertain and effectuate legislative intent. To accomplish that objective, courts must look first to the words of the statute, giving effect to their plain meaning. If those words are clear, we may not alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.] Whenever possible, we must give effect to every word in a statute and avoid a construction making a statutory term surplusage or meaningless. [Citations.]” (I
 
 n re Jerry R.
 
 (1994) 29 Cal.App.4th 1432, 1437 [35 Cal.Rptr.2d 155].)
 

 We begin by observing that the exception in question permits attorneys to seek information while a civil action “is being investigated,” before the facts and the precise claims to be filed in the action are fully known. (§ 1808.22, subd. (c).) The exception thus authorizes the release of address information in situations in which an attorney is investigating a
 
 potential
 
 claim or cause of action “which directly involves the use of the motor vehicle or vessel . . . .” (§ 1808.22, subd. (c).)
 

 In view of the facts certified in State Farm’s application to the DMV, State Farm clearly has a potential claim for conversion against the subsequent purchaser. “ ‘ “Conversion is any act of dominion wrongfully exerted over another’s personal property in denial of or inconsistent with his rights therein.” ’ ”
 
 (Messerall
 
 v.
 
 Fulwider
 
 (1988) 199 Cal.App.3d 1324, 1329 [245 Cal.Rptr. 548].) One who buys property in good faith from a party lacking title and the right to sell may be liable for conversion. (See
 
 Culp
 
 v.
 
 Signal Van & Storage
 
 (1956) 142 Cal.App.2d Supp. 859, 861 [298 P.2d 162]; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, §§ 622, 624, pp. 717-718.) The remedies for conversion include specific recovery of the property, damages, and a quieting of title. (5 Witkin,
 
 op. cit. supra,
 
 § 611,
 
 *1082
 
 pp. 708-709.) Finally, an assignee of an original owner’s right of possession may state a claim for conversion based on this right. (See
 
 Staley
 
 v.
 
 Mc-Clurken
 
 (1939) 35 Cal.App.2d 622, 626 [96 P.2d 805].)
 

 Any investigation of this conversion claim would necessarily confront questions of
 
 use.
 
 Generally, a mere claim of ownership by the subsequent purchaser would not be an act of conversion, absent actual interference with property rights. (5 Witkin, Summary of Cal. Law,
 
 supra,
 
 Torts, § 615, pp. 710-712.) State Farm’s investigation would thus involve an inquiry into whether the subsequent purchaser had used the vehicle, or assumed control over its use. (See
 
 Messerall
 
 v.
 
 Fulwider, supra,
 
 199 Cal.App.3d at p. 1329 [to show conversion, “ ‘ “[i]t is not necessary that there be a manual taking of property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use.” [Citation.]”’].) We therefore conclude that an inquiry into a potential conversion claim is an investigation of an action that “directly involves the use of the motor vehicle” within the meaning of section 1808.22, subdivision (c).
 

 The DMV contends to the contrary that this exception applies only to actions stemming from accidents involving an unknown driver. We disagree. “Statutes are not to be read in isolation, but must be construed with related statutes. [Citation.]”
 
 (In re Jerry R., supra,
 
 29 Cal.App.4th at p. 1437.) Here, section 1808.22 contains several exceptions to the privacy provisions in section 1808.21. Prior to enacting the exception in subdivision (c), the Legislature enacted subdivision (b) of section 1808.22, which permits the DMV to release address information to an insurer that “requests the information for the purpose of obtaining the address of another motorist or vehicle owner involved in an accident with their insured . . . .” (See Stats. 1989, ch. 1213, § 6, p. 4715; Stats. 1990, ch. 431, § 1, p. 1833.) Had the Legislature intended to limit the exception in subdivision (c) to actions involving “hit and run” accidents, it could have done so in express terms.
 

 The DMV also contends that because the interpretative question concerns an exception to a statute, we must construe this exception narrowly. However, exceptions to a statute are not construed so narrowly as to exclude situations that are “within the words and reason of the exception” (see
 
 Hayter Trucking, Inc.
 
 v.
 
 Shell Western E&P, Inc.
 
 (1993) 18 Cal.App.4th 1, 20 [22 Cal.Rptr.2d 229]) or that “ ‘fall fairly within its terms’ ” (see
 
 People
 
 ex rel.
 
 S. F. Bay etc. Com.
 
 v.
 
 Town of Emeryville
 
 (1968) 69 Cal.2d 533, 543 [72 Cal.Rptr. 790, 446 P.2d 790], quoting
 
 United States
 
 v.
 
 Dickson
 
 (1841) 40 U.S. 141, 163 [10 L.Ed. 689]).
 

 
 *1083
 
 Here, the language of the exception plainly indicates the Legislature’s intent to give attorneys access to information necessary to investigate claims that directly involve the use of a motor vehicle or vessel as an element or issue. We discern no basis in the statute for distinguishing actions for conversion from actions arising from “hit and run” accidents, both of which directly implicate the use of a motor vehicle. In our view, the DMV’s proposed construction would arbitrarily exclude situations “within the words and reason of the exception. [Citation.]”
 
 (Hayter Trucking, Inc.
 
 v.
 
 Shell Western E&P, Inc., supra,
 
 18 Cal.App.4th at p. 20.)
 

 In sum, we conclude that section 1808.22, subdivision (c), permits attorneys to obtain address information when, as here, they represent the purported owner of a motor vehicle or vessel, and are investigating facts raising a potential claim against an unknown party for conversion of the motor vehicle or vessel.
 

 Disposition
 

 The judgment is affirmed.
 

 Epstein, Acting P. J., and Hastings, J., concurred.
 

 [1]
 

 Because the issue presented on appeal is purely legal and none of the factual allegations are in dispute, we accept them as true for the purposes of our analysis.
 

 [2]
 

 The DMV also contends that the superior court properly declined to order the DMV to register the car, and properly denied State Farm an award of attorney fees. Because State Farm has not claimed error concerning these rulings adverse to State Farm, we do not address the DMV’s contentions on these matters.
 

 [3]
 

 All subsequent statutory references are to this code.
 

 [4]
 

 We observe that the DMV’s opening brief also contains a cursory citation to Evidence Code section 1040, which grants public entities the privilege to refuse to disclose “official information.” Because this citation is unaccompanied by any argument or authority pertaining to Evidence Code section 1040, the DMV has waived all contentions of error that would rely on this section. (See
 
 In re Marriage of Ananeh-Firempong
 
 (1990) 219 Cal.App.3d 272, 278 [268 Cal.Rptr. 83].)