TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-209 |
| of | : | |
| | : | June 26, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE LEROY F. GREENE, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

Does the Employment Development Department have the authority to collect interest on penalties imposed for the failure to pay amounts due and owing and for the failure to file reports and forms in a timely manner?

CONCLUSION

The Employment Development Department has the authority to collect interest on penalties imposed for the failure to pay amounts due and owing and for the failure to file reports and forms in a timely manner.

ANALYSIS

The Employment Development Department ("Department") is responsible for collecting employment taxes from businesses that employ workers in California. These taxes include unemployment insurance contributions and the employment training tax, both paid by employers, and disability insurance contributions and personal income taxes, both withheld from employees' compensation and remitted to the Department by employers. In addition to paying taxes, employers are required to file with the Department various returns reporting wages paid to workers and other information. (See Unemp. Ins. Code, §§ 1088, 13020, 13021.) **Footnote No. 1**

The Department imposes two types of penalties for the failure to comply with the employment tax laws: tax delinquency penalties, assessed for the failure to pay taxes in a timely

manner (see § 1112) and report delinquency penalties, assessed for the failure to file required reports or forms in a timely manner (see §§ 1112.5, 1114). The question presented for resolution is whether the Department is authorized to collect interest on penalties that are assessed pursuant to law. We conclude that the Department is so authorized.

The basic authority for the Department to collect interest is found in section 1129, which provides:

"The amount of each assessment shall bear interest at the adjusted annual rate and by the method established pursuant to Section 19521 of the Revenue and Taxation Code from and after the last day of the month following the close of the calendar quarter, or from and after the 15th day of the month following the close of the calendar month, for which the contributions should have been returned until the date of payment." **Footnote No. 2**

In examining the language of section 1129, we apply well established principles of statutory construction. "To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.) In determining the Legislature's intent, we first "scrutinize the actual words of the statute, giving them a plain and commonsense meaning. [Citations.]" (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597.) "'[E]very word and phrase employed [in a statute] is presumed to be intended to have meaning and perform a useful function . . . .'" (*People* v. *Contreras* (1997) 55 Cal.App.4th 760, 764.) "'Statutes are not to be read in isolation, but must be construed with related statutes. [Citation.]'" (*State Farm Mut. Auto Ins. Co.* v. *Department of Motor Vehicles* (1997) 53 Cal.App.4th 1076, 1082.)

Applying these principles of construction, we find that the Legislature has at times required interest to be collected on penalties (see, e.g., Rev. & Tax. Code, § 19106) and at other times has exempted penalties from the payment of interest (see, e.g., Stats. 1965, ch. 745, § 4). The legislative "trend" appears to favor imposing interest on penalties. (See, e.g., Stats. 1983, ch. 323, § 88.4.) That is the case with respect to the interest provisions of section 1129.

When the Unemployment Insurance Code was first adopted in 1953 (Stats. 1953, ch. 308), section 1129 provided: "The amount of each assessment, exclusive of penalty, shall bear interest . . . ." In 1990 (Stats. 1990, ch. 719, § 3), the Legislature deleted the phrase "exclusive of penalty." We believe such legislative action is dispositive of the issue presented.

First, we note that determining a penalty to be a part of an assessment for purposes of section 1129 is consistent with other statutory language where penalties are "assessed" (see, e.g., §§ 1128.1, 1142, 1143, 1144) or are "added to" assessments (see, e.g., §§ 1126.1, 1127, 1128, 1135). In section 1178, the Legislature has made it clear that penalties are included in assessments. (See *Masi* v. *Nagle* (1992) 5 Cal.App.4th 608, 612.)

Second, the Legislature's removal of the phrase must be accorded significance. "A court will not presume that the Legislature performs idle acts . . . ." (*Larson* v. *State Personnel Bd.* (1994) 28 Cal.App.4th 265, 277.) "We presume the Legislature intends to change the meaning of a law when it alters the statutory language (*Eu* v. *Chacon* (1976) 16 Cal.3d 465, 470), as for example

when it deletes express provisions of the prior version (*People* v. *Valentine* (1946) 28 Cal.2d 121, 142)." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 461.) We presume the Legislature intended to change the law in 1990 to allow the collection of interest upon penalties.

Moreover, we have examined the legislative history of the 1990 amendment of section 1129 and find the committee reports consistent with our conclusion that the Legislature intended to authorize the collection of interest upon penalties. Both the report of the Senate Committee on Industrial Relations dated June 27, 1990, and the report of the Senate Rules Committee dated August 7, 1990, for example, specify that the proposed deletion of the phrase "exclusive of penalty" was to clarify that the interest rate "is to be charged on penalties as well as delinquent taxes." As stated in *Altaville Drug Store, Inc.* v. *Employment Development Department* (1988) 44 Cal.3d 231, 238: "Statements of legislative committees pertaining to the purpose of legislation are presumed to express the legislative intent of statutes as enacted. [Citation.]"

Having authorized the collection of interest upon penalties in 1990, the Legislature has since made one additional amendment to section 1129. In 1993 (Stats. 1993, ch. 31, § 66), the Legislature amended section 1129 when it consolidated a number of tax provisions contained in the Revenue and Taxation Code and the Unemployment Insurance Code, as explained in the Legislative Counsel's Digest:

"This bill would make various changes to the Revenue and Taxation Code by deleting specified provisions in the Personal Income Tax Law and the Bank and Corporation Tax Law, relating to, among other things, administration, enforcement, and penalties, and adding substantially similar provisions under a new part to that code that would apply to either or both laws, as specified.

"This bill would make conforming changes in various provisions of the Unemployment Insurance Code relating to unemployment compensation coverage, interest payable on employer contributions, interest due for overpayments of contributions, and withholding of taxes and penalties associated with withholding."

We have examined in detail the legislative history of the 1993 amendment of section 1129. No suggestion may be made that the Legislature intended to remove the Department's authority to collect interest upon penalties as granted in 1990. The only purpose of the 1993 amendment was to modify the method of computing the interest rate, not the assessment amount upon which the interest is to be collected.

Finally, as noted above, penalties are assessed for a variety of reasons, including the failure to pay contributions (§ 1112) and the failure to file required reports (§§ 1112.5, 1114). Since all penalties are assessments for purposes of section 1129, interest may be collected on any penalty regardless of its underlying purpose.

We conclude that the Department has the authority to collect interest on penalties imposed for the failure to pay amounts due and owing and for the failure to file reports and forms in a timely manner.

* * * * *

---

**Footnote No. 1**
All section references hereafter are to the Unemployment Insurance Code unless otherwise indicated.

**Footnote No. 2**
Revenue and Taxation Code section 19521 establishes the adjusted annual rate in accordance with section 6621 of the Internal Revenue Code with certain minor adjustments and establishes the method of computation as daily compounding.

---